HARTSHORNE (GRANON v.). See Case No. 5,689.

---

## Case No. 6,170.

HARTSHORNE et al. v. INGLE.

[1 Cranch, C. C. 91.] [1]

Circuit Court, District of Columbia. April Term, 1802.

VARIANCE—PLEA IN ABATEMENT—OFFICE JUDGMENT.

Variance between the capias and declaration cannot be pleaded to set aside an office judgment.

[This was a suit by Hartshorne and Sons against Ingle.] The declaration was in debt upon an award. The capias was in case. There had been an office judgment and writ of inquiry; to set aside which E. J. Lee, for defendant, offered to plead a variance between the writ and declaration, in abatement. But THE COURT refused.

---

## Case No. 6,171.

HARTSHORNE v. McIVER.

[1 Cranch, C. C. 421.] [1]

Circuit Court, District of Columbia. July Term, 1807.

COLLATERAL SECURITY—RIGHTS OF HOLDER.

If a creditor has obtained judgment at law upon the notes of a third person, assigned to him by his debtor as collateral security, his right to resort to that security is not taken away by judgment against his debtor and judgment on scire facias against the bail and arrest and discharge of that bail on a capias ad satisfaciendum.

Issue directed by chancery to try the question whether Hartshorne, as receiver [of Mandeville's estate], be a creditor of the es-

---

tate of Gillis, and to what amount. Moorehouse & Company were indebted to Mandeville, and gave him William Armstead & Company's notes as collateral security. James Gillis, the bankrupt, was one of the house of Armstead & Company. Moorehouse was taken in Philadelphia, and gave Charles Young as special bail. There was judgment against Moorehouse & Company, and a capias ad satisfaciendum returned non est; sci. fa. and ca. sa. against the bail, upon which the bail was taken and discharged out of custody by order of Mandeville.

Taylor & Youngs, for defendant [Gillis's assignee], contended that the arrest and discharge of Charles Young, discharged the debt of Moorehouse & Company, for which he was liable as bail; and that therefore the notes of Armstead & Company ought to be returned to Moorehouse & Company; and cited the act of Virginia, p. 160; Cro. Eliz. 851; Williams v. Cutteris, Cro. Jac. 136, 143; 10 Vin. Abr. 579; Esp. N. P. 196; Vigers v. Aldrich, 4 Burrows, 2482; Jaques v. Withy. 1 Term R. 557; 1 Call, 18, 21; Higgen's Case, Cro. Jac. 320; Higgins v. Sommerland, 2 Bulst. 68.

C. Lee, contra, cited Hayling v. Mullhall, 2 W. Bl. 1235; Freeman v. Freeman, Cro. Jac. 548; 1 Com. Dig. 502; 1 Sid. 107; 2 Bulst. 68; 3 Com. Dig. 311; 1 Vent. 315; 10 Vin. Abr. 578, tit. "Execution"; T. Raym. 73; 1 Lev. 95.

PER CURIAM (DUCKETT, Circuit Judge, absent). The question really is, whether Gillis's estate is liable to Mandeville or to Moorehouse. Gillis is a mere stakeholder. Moorehouse claims the notes of Gillis, because his own bail has been imprisoned and discharged by Mandeville, although neither he himself, nor his bail, have paid the debt for which Gillis's notes were pledged. This, therefore, must be a most ungracious claim, a claim founded upon no principle of equity. Mandeville has a judgment at law upon the notes, and if the bankruptcy of Gillis had not intervened, must have been left to pursue his remedy at law. Without deciding whether the release of the bail, discharges the principal, nothing is more clear than that the discharge of Moorehouse, without an equitable satisfaction, cannot prevent Mandeville, or his representative, from pursuing his legal remedy against Gillis. Mandeville has a clear title at law under the judgment, and it would be inequitable that Mandeville should be obliged to give up the security until his debt is paid.

THE COURT was also of opinion that Mandeville was not bound to pursue his remedy against the bail of Moorehouse, to enable him to resort to the other collateral security, the notes of Gillis.